■ LOUIS J. CARBONETTI, Respondent, v. CARVER CONCRETE CORPORATION, Appellant, and H. R. H. CONSTRUCTION CORPORATION et al., Respondents.— Order, Supreme Court, New York County, entered June 2, 1972, granting permission to respondents to withdraw as attorneys, unanimously affirmed. Respondents Craig & Green shall recover of appellant $40 costs and disbursements of this appeal. The attorneys for the defendant, Carver Concrete Corporation (Carver), were permitted to withdraw as counsel since their continuing representation of both Carver and H. R. H. Construction Corporation (HRH), a codefendant of Carver, would constitute a conflict of interest. Initially the law firm represented both HRH and Carver by virtue of their retainer by a common insurer. The insurer disclaimed coverage as to Carver but not as to HRH. To require the attorneys to continue to represent both Carver and HRH while the disclaimer was still in issue would result in an unavoidable conflict of interest as far as counsel was concerned. They would be representing HRH by virtue of a retainer through the insurance carrier and, at the same time, would be taking a position adverse to that same insurance carrier in order to properly insulate Carver against the disclaimer of coverage. In addition, plaintiff alleges his injury was caused by a fall on a sidewalk broken by passing trucks. An issue on the trial will be which truck or trucks caused the break. As to this, the interests of the two defendants represented by the attorneys will be in conflict, as each defendant may well claim that it was the other's truck which caused the damage. Such a fact situation is clearly distinguishable from the facts in *Brothers* v. *Burt* (27 N Y 2d 905). In *Brothers,* there was a motion for withdrawal simply on the ground that the carrier which retained counsel for the defendant had disclaimed coverage. That case required a declaratory judgment to determine the validity of the disclaimer. In the case at bar, to require counsel to continue representation of Carver until the validity of the disclaimer was adjudicated would result in a continuing conflict inimical to the interests of

both defendants. Concur — Markewich, J. P., Nunez, Lane, Steuer and Capozzoli, JJ.